THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-cv-327-BO

| MATTHEW GRAVES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER AND |
| v. | ) | MEMORANDUM AND |
| | ) | RECOMMENDATION |
| UNITED STATES FEDERAL | ) | |
| BUREAU OF INVESTIGATION, | ) | |
| Defendant. | ) | |

This matter is before the Court on Plaintiff Matthew Graves's *pro se* application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) and for frivolity review. Plaintiff is unemployed and has no income. Accordingly, he has demonstrated appropriate evidence of inability to pay the required court costs, and his application is allowed.

Notwithstanding the Court's determination that Plaintiff is entitled to *in forma pauperis* status, further inquiry must be made before the action can proceed. A court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *see Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006) ("Under 28 U.S.C.A. § 1915(e), which governs IFP filings . . ., a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim."). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

*Pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Notwithstanding, the Court is not bound to accept the truth of the pleadings and may dismiss claims which are based on wholly irrational or incredible factual allegations. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992). But absent such wholly fantastic claims, the "initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in favor of the plaintiff." *Id.* at 32.

After careful review of the complaint, and giving due consideration to Plaintiff's *pro se* status, the Court concludes that Plaintiff's complaint is frivolous.[1] Plaintiff filed this suit against the Federal Bureau of Investigation ("FBI") for violations of Title VII of the Civil Rights Act of 1964, but makes no factual allegations against the named defendant. Accordingly, the Court finds no basis for an action against the FBI. Plaintiff states that he was previously employed as a chemist and a salesman making $47,500.00 annually. Pl.'s Compl. at 4. He generally alleges Title VII violations by all the companies he worked for from 1995-2010. *Id.* at 2. Plaintiff details in his complaint physical injuries he received while working at various companies. *Id.* at 3. Plaintiff also claims that he almost died in prison from the food he was served, that he was traumatized and tortured from 2005-2010 almost daily, that his dog was murdered and his property stolen, and that he is not being given adequate housing or financial assistance to aide in his job search, which he attributes to government fraud. *Id.* Plaintiff seeks damages in the amount of approximately $3.5 million for, among other things, lost wages and benefits, and welfare and job placement assistance.

---

[1] Plaintiff filed a nearly identical action, *Graves v. FBI*, 5:10-cv-328-BO, at the same time he filed this action. The Court also recommended dismissal of Plaintiff's other action.

Before bringing a discrimination claim under Title VII, a plaintiff must first file a discrimination charge with the EEOC. The EEOC claim determines the scope of the plaintiff's right to bring the subsequent Title VII action. *E.g., Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002); *Webb v. N.C. Dep't of Crime Control and Public Safety, Alcohol Law Enforcement Div.*, No. 7:08-CV-90-D, 2009 WL 3150266, at *5 (E.D.N.C. Sept. 11, 2009). Failure to exhaust administrative remedies in an EEOC action deprives a court of subject matter jurisdiction over the claim. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). Plaintiff makes no reference to an EEOC claim and did not include an EEOC right to sue letter with his complaint. Accordingly, Plaintiff failed to exhaust his administrative remedies and cannot now bring a Title VII claim in this Court.

Additionally, Title VII makes it "an unlawful employment practice for an <u>employer</u> . . . to discriminate with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(10) (emphasis added). Plaintiff here brought suit against the FBI and not his former or present employer. Finally, while Plaintiff generally alleges numerous hardships, the Court finds that Plaintiff has failed to state any claim cognizable in Federal Court.

## CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. The Court **RECOMMENDS** that the complaint be **DISMISSED** as frivolous.

The Clerk shall send a copy of this Memorandum and Recommendation to the *pro se* Plaintiff, who shall have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds

of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This the 2nd day of September, 2010.

/s/ David W. Daniel
DAVID W. DANIEL
United States Magistrate Judge