THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CV-327-BO

| | | |
|---|---|---|
| MATTHEW GRAVES, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES FEDERAL BUREAU | ) | |
| OF INVESTIGATION, | ) | |
|     Defendant. | ) | |

This *pro se* matter is before the Court on Plaintiff Mathews Graves' application to proceed *in forma pauperis* and for frivolity review. Magistrate Judge David W. Daniel filed a Memorandum and Recommendation ("M&R") on September 3, 2010. Plaintiff, despite being advised of his right to do so, failed to file objections to Judge Daniel's M&R. This matter is now ripe for adjudication.

## STATEMENT OF THE CASE

Plaintiff filed an application to proceed *in forma pauperis* and a complaint on August 11, 2010. Although the complaint is completely devoid of factual allegations in support of any cognizable claim against the named defendant, Plaintiff alleges, generally, that the Defendant has violated Title VII of the Civil Rights Act of 1964. Magistrate Judge David W. Daniel issued a memorandum and recommendation that Plaintiff's application to proceed *in forma pauperis* be granted but that the case itself be dismissed as frivolous under 28 U.S.C. § 1915. The M&R and a notice of Plaintiff's right to object were sent to the Plaintiff's last known address. Plaintiff failed to file any objections to Judge Daniel's recommendation.

## DISCUSSION

The Court finds that Plaintiff has provided sufficient evidence of an inability to pay required court costs. However, the Court must also conduct a review pursuant to 28 U.S.C. § 1915(e)(2) which requires the Court to dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See Cochran v. Morris*, 73 F.3d 1310, 1315-16 (4th Cir. 1996) (discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1985).

*Pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Notwithstanding, the Court is not bound to accept the truth of the pleadings and may dismiss claims which are based on wholly irrational or incredible factual allegations. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992). But absent such wholly fantastic claims, the "initial assessment of the *in forma pauperis* plaintiffs factual allegations must be weighted in favor of the plaintiff." Id. at 32.

The Court has reviewed Plaintiff's complaint and finds the pleading insufficient to survive review under 28 U.S.C. §1915(e)(2). Plaintiff lodges a barrage of grievances against his prior employers. Compl. at 4. He generally alleges Title VII violations by all the companies he worked for from 1995 to 2010. *Id.* at 2. The complaint details various physical injuries Plaintiff suffered during his prior employment. *Id.* at 3. Plaintiff demands damages in the amount of approximately $3.5 million. *Id.* The complaint lacks any cognizable connection between the alleged wrongdoing of Plaintiff's previous employers and the named Defendant.

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate

with respect to [an employee's] compensation, terms conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 200e-2(a)(0). Plaintiff's complaint lacks any cognizable connection between the alleged wrongdoing of Plaintiff's previous employers and the named Defendant. In short, Title VII only applies to an "employer" and Plaintiff has failed to show that he ever had an employment relationship with the named Defendant. Accordingly, Plaintiff has failed to state a claim under Title VII.

Based on the allegations in the complaint, the Court finds no basis for any claims against the named defendant, the Federal Bureau of Investigation. The Court further finds that Plaintiff has failed to state any claim cognizable in Federal Court.

## CONCLUSION

A full and careful review of the M&R and other documents of record convinces the Court that the recommendation of the magistrate judge is in accordance with the law and should be ADOPTED. Therefore it is ORDERED AND ADJUDGED that Plaintiff's application to proceed *in forma pauperis* is GRANTED; however, Plaintiff's complaint is DISMISSED for failure to state any claims upon which relief can be granted.

SO ORDERED.

This 19 day of October, 2010.

TERRENCE W. BOYLE

UNITED STATES DISTRICT JUDGE